Kirkbatriotc, O. J.
The instrument upon which this action is founded, is the assignment of a bond given by one Barzillai Wright to Joshua Forsyth, the defendant. The' bond is dated January 1, 1817, and is conditioned for the payment of S3,210, with interest, on the first day of April, 1818. The assignment is dated April 11, 1817, and, among other things, contains the following words, viz. — •“ That I will guarantee the payment of the money due and to become due on the said bond, it being understood that the said Jacob Eidgway, his executors, administrators, and assigns shall, as soon as the money on the said bond shall become due, take the necessary legal steps to enforce the payment thereof by the said Barzillai Wright, and that I am only to be called upon in the event of his inability to pay.”
The plaintiff, in his declaration, avers performance of this condition, in these words : — “And the said Jacob Eidgway, in fact, saith, that as soon as the money in the said bond or *120 writing obligatory *became due, agreeably to the condition thereof, he, the said Jacob Ridgway, did take the necessary legal steps to enforce the payment thereof by the said Barzillai Wright, to wit, at Mount Holly, in the county aforesaid, and so that he hath well and truly performed,” &c.
The defendant pleads four pleas, viz. — 1. Non est factum.
2. That the said Jacob Ridgway did 'not, as soon as the said money became due on the said bond, take the necessary legal steps to enforce the payment thereof by the said Barzillai Wright, but refused, and still refuses, so to do ; and that the said covenant being a condition precedent, the said defendant is not bound to fulfill, &c., and concludes with a verification, and prays judgment, &c.
3. That the said Jacob Ridgway did not, on the first day of April, 1818, when the money became due, or at any time .afterwards, commence an action at law against the said Barzillai Wright, according to the tenor of his covenant, which, being a condition precedent, the said defendant ought not to be bound, and concludes as before.
4. That the said Jacob Riclgway, did not, as soon as the said money became due on the said bond, viz., on the first day of April, 1818, or at any time afterwards, take the necessary legal steps, &c., and concludes to the court as before.
To these three last pleas there are special demurrers, and for cause it is assigned, that the second is argumentative, and concludes to the court; that the third is argumentative, double, and concludes to the court; and that the fourth concludes to the court, and not to the country.
It is pretty obvious that these pleas are drawn, not with intent to rest upon them in the defence, but rather to test the sufficiency of the plaintiff’s declaration. Por if the averment in the declaration be good, according to the rules of pleading, the defendant must have tendered an issue upon it, either in matter of fact or matter of law. It must either *121 have denied the performance as averred, and put himself upon the jury, as to the fact, or he must have admitted the performance as averred, and put himself upon the court, as to the law. But he has done neither. The question, therefore, will be upon the declaration.
It is a rule in pleading, that the plaintiff, in his declaration, must aver every thing that is necessary to maintain his action. *In all cases, therefore, where the right of action depends upon a condition precedent, he must aver the performance of that condition, by whomsoever it is to be performed. Ughtred’s case. 7 Co. 10 a. The averment in the plaintiff’s declaration is in the nature of a plea of performance, and must have all the qualities of such a plea. If fhe condition precedent be in the affirmative, as that the plaintiff shall do a certain act or thing which is a mere ■simple matter in pais, of which the jury are‘to judge, he may plead performance generally, in the words of the condition ; but if the act or thing to be done be such as noces.sarily involves in it a question of law, as to what shall or shall not be considered as a performance, of which the court is to judge, then an averment of performance generally, in the words of the condition, is not enough; but the party must go farther, and allege, specially, what has been done, that the court may judge whether it amounts to a perform.ance or not. And of this our books afford many examples; as if a condition be to levy a fine, to suffer a non-suit, to make a bond, or release, or discharge, or acquittance, or to perform a will, &c. In these, and cases like these, the party must aver specially, and show to the court, in particular, what was done, so that they may judge whether the condition has been performed or not.
The words of the condition precedent, in this case are of this nature. What are, and what are not legal steps to ‘enforce payment, is a question of law, which must be determined by the court, and can, by no form of pleading, be put •upon the jury. It is manifest, therefore, that the steps *122 ■which have been taken to enforce the payment must be laid before the court in pleading, otherwise they have no grounds upon which they can possibly form a judgment.
I am of opinion, therefore, that the declaration, in this respect, is bad, and that there must be judgment for the-defendant.
Ford, J.
The second, third and fourth pleas in this cause, to which the plaintiff has put in demurrers, are manifestly vicious, for the reasons specially asssignedr therefore the plaintiff must have judgment, provided he has set out a legal cause of action in his declaration : the defendant contends he has not. The substance of the-declaration is, that the defendant assigned an obligation, of one Wright to the plaintiff, and covenanted to guaranty *the payment of it, provided, as soon as the money became due on the obligation, the plaintiff would take the-“necessary legal steps to enforce payment thereof by Wright"/ and the plaintiff avers that he did “ take legal steps to-enforce,” &c., but he does not set forth what steps were-taken ; he says they were legal, and wants the court to say so; but the court must be shewn what the steps were, or they cannot pronounce them legal, and consequently cannot see a lawful cause of action. Where'a plaintiff’s right to-recover depends on his own performance of an act, he mus-t shew a good performance. Cro. JEliz. 292, and the casescoliected in Ghitty 234, are directly to this point, and place the insufficiency of the declaration beyond a doubt.
Let judgment be entered for the defendant.
Rossell, J., concurred.
Judgment for defendant.